**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| DIANE MINICUCCI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NORTHEAST REHABILITATION HOSPITAL NETWORK,<br><br>Defendant. | Case No.: 1:25-cv-00024<br><br>Date Filed: January 10, 2025 |
| FRANK CIARAVOLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NORTHEAST REHABILITATION HOSPITAL NETWORK,<br><br>Defendant. | Case No.: 1:25-cv-00025<br><br>Date Filed: January 13, 2025 |
| ELLEN LAVOIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NORTHEAST REHABILITATION HOSPITAL NETWORK,<br><br>Defendant. | Case No.: 1:25-cv-00028<br><br>Date Filed: January 13, 2025 |

| | |
|---|---|
| ADAM BAGNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NORTHEAST REHABILITATION HOSPITAL NETWORK,<br><br>Defendant. | Case No.: 1:25-cv-00029<br><br>Date Filed: January 14, 2025 |

## PLAINTIFFS' MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Diane Minicucci, Frank Ciaravolo, Ellen Lavoie and Adam Bagni (collectively, "Plaintiffs"), on behalf of a putative class of similarly situated victims of Defendant Northeast Rehabilitation Hospital Network's ("NRHN") data breach, move to consolidate, for all purposes, the above-captioned matters. Plaintiffs in all four actions agree to consolidate and submit that consolidation is appropriate because the actions concern substantially similar allegations. Plaintiffs represent the following:

1. On January 10, 2025, Plaintiff Diane Minicucci filed a class action complaint adverse to NRHN. *See* Case No. 1:25-cv-00024 ("*Minicucci*"). Subsequently, a class action complaint was filed by Frank Ciaravolo. *See* Case No. 1:25-cv-00025 ("*Ciaravolo*"). Subsequently, a class action complaint was filed by Ellen Lavoie. *See* Case No. 1:25-cv-00028 ("*Lavoie*"). Thereafter, a class action complaint was filed by Adam Bagni. *See* Case No. 1:25-cv-00029 ("*Bagni*"). All four actions seek relief from injuries allegedly suffered by Plaintiffs because of a data breach of NRHN.

2. Federal Rule of Civil Procedure 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the

1

actions." Fed. R. Civ. P. 42(a)(2). The rule is "designed to encourage the consolidation of actions that involve a common question of law or fact." *Norton Lilly Int'l v. P.R. Ports Auth.*, 2019 U.S. Dist. LEXIS 240524, *2 (D.P.R. May 16, 2019) (*quoting* C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at 260-261 (1971)).

3. "As long as there are some common questions of either law or fact, the court has the flexibility under Rule 42(a) to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources." *Borden v. Antonelli Coll.*, No. 1:16-cv-519, 2016 U.S. Dist. LEXIS 137716 at *4 (S.D. Ohio Oct. 4, 2016). Ultimately, district courts have been encouraged . . . to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion. *Tillman v. BP Expl. & Prod., Inc.,* 2024 U.S. Dist. LEXIS 95152, *4 (S.D. Ala. May 28, 2024).

4. In this case, the four complaints at issue reveal that consolidation is warranted. The questions raised in the *Minicucci* Complaint (Case No. 1:25-cv-00024, at ECF No. 1) are the extent to which NRHN is liable to Plaintiff Minicucci and other purported class members as the result of a data breach announced by NRHN on or around January 6, 2025. Similarly, the *Ciaravolo, Lavoie, and Bagni* Complaints raise the same questions. *See Ciaravolo*, Case No. 1:25-cv-00025, at ECF No. 1; *Lavoie*, Case No. 1:25-cv-00028, at ECF No.1; *Bagni*, Case No. 1:25-cv-00029, at ECF No.1. All four complaints generally allege the same or similar causes of action: negligence and breach of implied contract. The *Minicucci*, *Lavoie*, and *Bagni* complaints also alleged negligence *per se*. The *Minicucci* and *Bagni* complaints further alleged breach of fiduciary duty. The *Ciaravolo*, *Lavoie* and *Bagni* complaints also alleged unjust enrichment. The *Lavoie* and *Bagni* complaints also alleged invasion of privacy. The *Bagni* Complaint

additionally added a cause of action for declaratory judgment. However, consolidation is clearly proper in this case given all the Complaints arise from the same incident and allege common facts and injuries.

5. Here, due to the similar nature of the causes of action, consolidation will ease the burdens placed on the parties and witnesses and will ease potential burdens placed on this Court. Also, all parties would be better served if the actions were consolidated as there would be less time and expense involved than if there were multiple class action proceedings.

6. No responsive pleading has been filed yet in any of the cases, so consolidation would further streamline that process.

7. For the reasons discussed above, consolidation of these matters is warranted. Consolidating these four cases will promote the interest of judicial economy, avoid unnecessary filings and the duplicative efforts of four separate cases, and serve the objectives of Rule 42(a).

8. While the Plaintiffs agree that these four cases should be consolidated pursuant to Rule 42(a), nothing in this motion should or will be construed against Defendant to suggest that any of the cases should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any other law or statute.

9. Accordingly, the Plaintiffs move this Court to consolidate case numbers 1:25-cv-00025 ("*Ciaravolo*"), 1:25-cv-00028 ("*Lavoie*") and 1:25-cv-00029 ("*Bagni*") under Civil Action No 1:25-cv-00024 ("*Minicucci*"), the first filed action. Plaintiffs request that any subsequently filed related cases be consolidated with these cases under Civil Action No. 1:25-cv-00024 (*Minicucci*).

10. Plaintiffs additionally request that they be granted twenty-eight (28) days from the Court's approval of this Motion to Consolidate to file a consolidated complaint.

Date:   January 20, 2025                                   Respectfully Submitted,


                                                           By: /s/ *Adam H. Weintraub*  ___
                                                           Adam H. Weintraub (NH Bar No. 275047)
                                                           **WEINTRAUB LAW, LLC**
                                                           170 Commerce Way, Suite 200
                                                           Portsmouth, New Hampshire 03801
                                                           Telephone: (603) 212-1785
                                                           aweintraub@ahwfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter.

                                                           */s/ Adam H. Weintraub*


## RULE 7.1(c) CERTIFICATION

Defendant has not yet made an appearance in any of the four actions, and Plaintiffs were therefore unable to obtain concurrence for this Motion prior to the time of its filing.

                                                           */s/ Adam H. Weintraub*

4